## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DONALD RAY ELLIOTT,**

    **Plaintiff,**

v.                                                                                                                                 Civ. No. 04-0120 MV/LCS

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon Mr. Elliott's Motion Requesting Notification/Clarification of Sentence to the Federal Bureau of Prisons, filed February 3, 2004 (Doc. 1). Defendant filed a Response on March 11, 2004 (Doc. 4). I recommend that Plaintiff's Motion is not well-taken should be **DENIED** for lack of jurisdiction.

### I.    Procedural Background

1.    On January 14, 2002, Mr. Elliott signed a plea agreement in which he pled guilty to two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a) and one count of Escape in violation 18 U.S.C.§ 751(a). Doc. 25.[1] He was Sentenced to 151 months in prison and was found to owe restitution to Wells Fargo Bank, New Mexico in the amount of $6,885.00 and Sandoval County Detention Center in the amount of $869.74 for a total of $7,754.74. *Id.*

2.    In his Motion, Mr. Elliott states that he was told at his Sentencing hearing that he would not be required to make any payments toward his restitution until he had completed serving

---

[1] Note that this docket number corresponds to *United States of America v. Donald Ray Elliot,* CR 01-1435 MV.

his sentence, but instead, the Bureau of Prisons has demanded that he make payments while he is incarcerated. Doc. 1 at 2. Mr. Elliott does not want to make these payments until he is out of prison and asks that this Court file an Order stating that he is exempt from making payments until he is released from prison. Doc. 1 at 3.

    The following colloquoy took place at Mr. Elliott's Sentencing hearing on July 11, 2002:

| | |
|---|---|
| The Court: | All right. Under the Mandatory Victim Restitution Act, it is ordered that you make restitution to Wells Fargo Bank the sum of $7754.74. There is also restitution to the Sandoval County Detention Center in the amount of $869.[2] The amount of restitution is going to be determined after you are released and if you don't have a job, then you know, you're not going to be required to obviously make -- contribute any amount. |
| Mr. Elliott: | I'll be happy to make that restitution. I owe that money. I took it and I'll pay it back. I can't do it until I get out though. |
| The Court: | No and you can't do it without your identification documents. And while you are in custody, as well, if you are provided with employment in custody, then you will be able to make payment towards the special assessment, which is mandatory, and that's in the amount of $100. It's for count 1, 2 and 3, so for a total of $300.<br><br>In terms of restitution, the amount typically is figured out after someone has a job and after that person has gotten an apartment. Then you will meet, Mr. Elliott, with your probation officer, and your probation officer is not going to dictate the amount in advance, but will take into consideration what your utilities are, what your rent is, what your transportation needs are, and at that point, work with you to establish an amount that is doable for you. Tr. 7/11/02 at 16-17. |

    3.    The Amended Judgment indicated that the special penalty assessment of $300.00 would be due immediately and indicated that Mr. Elliott's restitution was due while he was

---

[2] Note that this statement does not comport with the Plea Agreement (Doc. 25), which indicated the *total* restitution owed was $7,754.74, with $869.74 owed to Sandoval County Detention Center and $6,885.00 owed to Wells Fargo Bank.

incarcerated. Doc. 33 at 4.[3]  The Amended Judgment stated, "Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments, except those payments made through the Inmate Financial Responsibility Program, are to be made as directed by the court..." *Id.*

## II.   Proposed Findings

4.   Mr. Elliott does not state to which statute his motion is pursuant,[4] however it does not appear to be a a Motion pursuant 28 U.S.C. § 2255 because such a Motion attacks the validity of a sentence, that is, it attacks the "legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  In the insant matter, Mr. Elliot is not questioning the validity of his sentence.  Rather, he is questioning the execution of his sentence, more specifically, when exactly his restitution payments are to be made.  Thus, Mr. Elliott's Motion is deemed to be pursuant to 28 U.S.C. § 2241 because such a Motion attacks the execution of a sentence. *Id.* (citation omitted).  Furthermore, a Motion pursuant to 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." *Id.* (citation omitted).  Since Mr. Elliott is incarcerated in Colorado, the proper jurisdiction for his Motion is the United States District Court for the District of Colorado this Court does not have jurisdiction over the matter under 28 U.S.C. § 2241.

---

[3] See Footnote 1.

[4] The Proposed Findings and Recommended Dispostion does not intend to address relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure.  It is possible that relief could be granted under Rule 36, but this determination is left to the complete discretion of the trial judge.

**II.     Recommendation**

I recommend that Mr. Elliott's Motion for Requesting Notification/Clarification of Sentence to the Federal Bureau of Prisons, pursuant to 28 U.S.C. § 2241, filed on February 3, 2004 (Doc. 1) be denied.  Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**